ROIG COMMERCIAL BANK, Plaintiff and Appellee, *v.* HEIRS OF E. LUGO-VIÑA, composed of LUCÍA R. LUGO-VIÑA and ANDRÉS, AURORA and LUCÍA LUGO-VIÑA, Defendants and Appellants.

No. 3590. Argued June 12, 1925.—Decided July 7, 1925.

1. COSTS—PROTEST OF NOTE—TRAVELING EXPENSES.—The expense of protesting a promissory note on which an action is based and the traveling expenses of counsel are not proper items in a memorandum of costs.
2. ID.—RECORD OF ATTACHMENT—MARSHAL'S FEES.—A charge for "fees and expenses for recording attachment" was objected to because there was another charge for expenses of "recording attachment" and it was held that the first charge should have been itemized, especially as a marshal can make no charge for recording an attachment.
3. ID.—ATTORNEY'S FEES.—The provision contained in the first proviso of section 327 of the Code of Civil Procedure is not prohibitory of any agreement for attorney's fees, but supplementary in case there is no agreement.

First District Court of San Juan, Charles E. Foote, J. Order approving a memorandum of costs. *Reversed in part.*
*Manuel F. Rossy* for the appellants. *Francisco González Fagundo* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This was a proceeding for the assessment of costs. The plaintiff-appellee filed a memorandum containing the following items: (1) Marshal's fees and record of attachment, $40; (2) clerk's fees, $24; (3) expenses of protesting promissory note, $7.50; (4) transcript of record, $12; (5) traveling expenses of counsel to San Juan, $60; (6) record of attachment in the registry of Guayama, $13; (7) attorney's fees, $250; total, $406.50.

The district judge approved the said items after reducing the attorney's fees to $200.

[1] The error of the lower court in approving the 3rd and 5th items is evident. As a matter of law the protesting of a promissory note on maturity is not necessary. It is required only in cases of bills of exchange in order that the holders may not be prejudiced. Articles 481, 482 and 483 of the Code of Commerce (sections 8040, 8041 and 8042, Comp. 1911). Nor were the traveling expenses of the attorneys from Humacao to San Juan necessary. The employment of counsel outside of the district in which the action is brought is a matter of interest only to the parties doing so and they must pay the traveling expenses.

[2] As the marshal's fees and expenses for recording the attachment, amounting to $40, were objected to, they should have been itemized, for there is another item (6th) also for expenses for recording the attachment. This seems still more necessary when taking into account the fees which a marshal is entitled to charge under Act No. 17 regulating the collection of fees and costs in civil cases, etc., approved March 11, 1915. On page 46 of the session laws of that year this act contains the following:

"A. For each summons_____ $1.00
"B. For serving an attachment on property____ $3.00

And under letter H it is provided that a charge may be made for traveling expenses to serve any summons, etc., at the rate of $0.25 per mile.

In no part of the schedule is the marshal authorized to charge for recording an attachment. When the attachment is levied he merely gives notice of it to the defendant and issues a notice in duplicate for entry in the corresponding registry of property.

[3] The appellants insistently contend that inasmuch as the judgment in the principal action was rendered in default, the award of costs does not include attorney's fees.

However, in the obligation or promissory note on which the action is based the obligor expressly agreed that if the debt should not be paid at maturity, then in case of suit he would pay all of the costs, including the fees of the attorney whom the creditor should engage. Section 1222 of the Civil Code prescribes that the contracting parties may make such agreements and establish such clauses and conditions as they may deem advisable, provided that they are not in contravention of law, morals, or public order. And there is no reason why an agreement whereby the debtor binds himself to pay attorney's fees in case of suit should not be considered licit, at least as regards morals and public order. The only question to be considered is whether or not section 327 of the Code of Civil Procedure, as amended by Act No. 38 of April 2, 1917, p. 206, which provides that attorney's fees shall not be deemed to be included in costs taxed against a defendant who shall not have entered appearance in an action or proceeding, prohibits any agreement like the one questioned in this case. Our opinion is that section 327 is merely supplementary in cases in which there is no agreement such as there was in the promissory note in this case.

For the foregoing reasons the order of the court below is reversed as to items 1, 3 and 5, and affirmed as to the others.